# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1927

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Jermil Eugene Miller, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 8, 2008
Filed: December 15, 2008

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jermil Miller pleaded guilty to conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 846. In his plea agreement, he stipulated to possessing 125 grams of cocaine base in furtherance of the conspiracy, subjecting himself to a mandatory minimum sentence of ten years of imprisonment and a maximum sentence of life. See 21 U.S.C. § 841(b)(1)(A). Miller received the mandatory minimum sentence of 120 months (later reduced to 78 months based on Miller's substantial assistance) and the mandatory minimum five-year term of supervised release. After being released from prison, Miller violated the terms of his supervised release by

committing second degree murder in Illinois. The district court[1] revoked Miller's supervised release and sentenced him to five years of imprisonment.

Notwithstanding the stipulation contained in his plea agreement, which subjected him to a maximum term of life imprisonment, Miller now appeals his revocation sentence contending he pleaded guilty to a drug offense which only carried a maximum sentence of twenty years of imprisonment under 21 U.S.C. § 841(b)(1)(C) because his indictment did not charge a specific drug quantity. Because the maximum revocation sentence for a Class C felony under § 841(b)(1)(C) is two years of imprisonment, Miller contends the district court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), by sentencing him to five years.

This argument is without merit. Miller admitted to possessing 125 grams of cocaine base in his plea agreement and therefore was convicted of a Class A felony carrying a maximum sentence of life under 21 U.S.C. § 841(b)(1)(A). See United States v. Hicks, 411 F.3d 996, 997 n.2 (8th Cir. 2005) (noting a "district court may sentence a criminal defendant based upon admitted facts without running afoul of Apprendi"). A conviction for a Class A felony allows a maximum revocation sentence of five years.

We affirm the district court.

_____

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.